UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Crim. No. 2:16-cr-84 |
| ALISON GU, a/k/a "Alison Ling," "Ally Koo," "Ai J. Chen," "Ai Jen Chen," "Jing Shao," "Yijing Gu," "Yijing Lin," "Alison Yi Gu," Defendant. | |

## OPPOSITION TO MOTION FOR JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE FOR A NEW TRIAL

For seven days in October and November 2017 Alison Gu exercised her right to trial by a jury.   She confronted the government's witnesses.   She called witnesses on her own behalf.   She chose to testify, presenting a narrative of events contrary to that presented in the prosecution's case.   The Jury rejected Gu's testimony, and found her guilty beyond a reasonable doubt of bank fraud (Count One), making a false statement on a passport application (Count Two), and aggravated identity theft in connection with the passport application (Count Three).

Gu has moved pursuant to Rules 29(c) and 33(a) for a judgment of acquittal or in the alternative for a new trial.   With regard to her bank fraud conviction (Count One), Gu contends there was insufficient evidence to establish she was responsible for false statements in various loan applications.   She also contends there was

insufficient evidence to establish that she had the required intent to be guilty of bank fraud.  With regard to the false statement on a passport application (Count Two), Gu contends there was insufficient evidence that the false statements were in an application for a United States passport.  She also contends there was insufficient evidence from which the jury could conclude it was she who submitted the false statement to the passport office.  She does not attack the conviction as to Count Three other than by challenging her conviction for Count Two.

As explained below, these arguments should be rejected.  There was plenty of evidence to establish Gu was involved in the false loan applications, and had the necessary intent to defraud the banks by obtaining their money by using a false identity.  Similarly, there was an abundance of evidence to show that Gu was the person who submitted a passport application claiming to be Ally Koo, and that she did so with the intent of obtaining a United States Passport.  Accordingly, the motion should be denied.

**Legal Standard**

Rule 29(c) allows a defendant to move after the jury's verdict "for a judgment of acquittal" based on insufficiency of evidence.  In contesting the sufficiency of the evidence, a defendant "faces an uphill battle, and bears a very heavy burden[.]" *United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013) (internal quotations

omitted); *see also, e.g., United States v. LaSpina*, 299 F.3d 165, 180 (2d Cir. 2002).

Courts "must view the evidence in the light most favorable to the government,

crediting every inference that could have been drawn in the government's favor, and

deferring to the jury's assessment of witness credibility and its assessment of the

weight of the evidence." *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012).

"The jury may base its verdict entirely on inferences from circumstantial evidence,"

and the evidence "need not have excluded every possible hypothesis of innocence."

*United States v. Oguns*, 921 F.2d 442, 449 (2d Cir. 1990) (internal quotations

omitted).   Moreover, the reviewing court must "consider the evidence in its totality,

not in isolation." *United States v. Autuori*, 212, F.3d 105, 114 (2d Cir. 2000).   It

"may set aside the jury's verdict on the ground of insufficient evidence *only* if *no*

rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S.

1, 2 (2011) (emphasis added).

Rule 33(a) states that the Court "may . . . grant a new trial if the interest of

justice so requires."   In deciding a Rule 33 motion, the court "must examine the

entire case, take into account all facts and circumstances, and make an objective

evaluation." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001).   "The

trial court must be satisfied that 'competent, satisfactory and sufficient evidence' in

the record supports the jury verdict." *Id.* (quoting *United States v. Sanchez*, 969

F.2d 1409, 1414 (2d Cir. 1992)).   The court must also "strike a balance between weighing the evidence and credibility of witnesses and not wholly usurp[ing] the role of the jury."   *Id.* at 133.   Generally, the court must "defer to the jury's resolution of conflicting evidence and assessment of witness credibility[.]"   *Id.* "The ultimate test . . . is whether letting a guilty verdict stand would be a manifest injustice."   *Id.* at 134.   To grant the motion, "[t]here must be a real concern that an innocent person may have been convicted" and that letting a guilty verdict stand would be a "manifest injustice."   *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013).   Trial courts should exercise Rule 33 authority "sparingly" and only in "the most extraordinary circumstances."   *Ferguson*, 246 F.3d at 134 (quoting *Sanchez*, 969 F.2d at 1414).

### Summary of the Superseding Indictment

Count 1 of the Superseding Indictment charged Gu and her partner-co-defendant Matthew Abel with devising and executing a scheme to defraud insured financial institutions by submitting mortgage loan applications containing false information.   In general, as alleged in paragraph 2:

> Between in or about 2013 and September 2015, defendant Matthew Abel devised and executed, or aided and abetted in devising and executing a scheme to defraud Bank of Bennington, First National Bank of America, Prime Lending/Colonial Savings Bank, Discover Home Loans, and Emigrant Mortgage Company to obtain funds through submission of mortgage loan applications and re-financing applications containing false information to

Bank of Bennington, First National Bank of America, Prime Lending/Colonial Savings Bank, Discover Home Loans, and Emigrant Mortgage Company.

The Superseding Indictment listed several discrete parts of the scheme.  Doc. 57 ¶¶ 3-19.  These included, but were not limited to:

a.    Abel's incorporation of "Ramps Unlimited, Inc.";

b.    Abel's transferring the interest of "Ramps Unlimited, Inc." in the residence located at 7 Edith Place, Cheshire, Connecticut, to "Aijen Chen" and "Jing Shao" by quitclaim deed for no consideration; and

c.    Gu establishing a false identity using the Social Security Number of a deceased individual and applying for loans from Bank of Bennington, Discover Home Loans, First National Bank of America, as well as the Emigrant Mortgage Company, in the name of that false identity.

Count Two charged Gu with making a false statement in an application for a United States Passport in violation of 18 U.S.C. § 1542 when, on March 27, 2015, she claimed to be Ally Koo.[1]  Count Three charged Gu with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) by using the means of identification of

---

[1] Section 1542 provides that "[w]hoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws" shall be guilty of this crime.

another person in connection with the fraudulent passport application that was charged in Count Two.

### There Was An Abundance of Evidence Connecting Gu to the Bank Fraud and From Which the Jury Could Conclude She Intended to Defraud the Banks.

Gu's Motion for Acquittal challenges the bank fraud conviction by arguing "the evidence was insufficient to establish that the Defendant was the person responsible for [the] false statements" in loan applications. Mot. at 2. She incorrectly contends that, with respect to the Northeast Financial-focused evidence, "the government did not connect the "alyramps" [email] address to Alison Gu." Mot. at 3. She immaterially contends that with respect to the Emigrant Bank cash out refinance of 7 Edith Place in Cheshire, Connecticut, it "was someone other than Alison Gu" who closed that loan. Mot. at 3. With regard to the Yarmouth property, Gu argues acquittal is required because "the government offered no forensic [evidence] that the Defendant was the person either sending the emails or using the telephone" to communicate with the loan officer (Michael Tubin) who facilitated the loan to acquire that property. Mot. at 4. As to the East Dorset, Vermont property, Gu contends "there was no evidene linking the Defendant to the email account" used to communicate with the loan officer for that loan (Lisa Souls). Mot. at 4. Finally, she also contends there was insufficient evidence to show she

attended the closing for of the Cocoa Beach property financed with a loan from First National Bank of America.   Mot. at 4.   Gu's argument is simply that the evidence was insufficient to prove beyond a reasonable doubt that she "was the person who was responsible for the submission of false or misleading information in connection with the various mortgagees."   Mot. at 4.

These arguments must be rejected for several reasons.   First, Gu herself admitted on cross-examination that she acquired the subject properties with her money, but in someone else's name.   For example, Gu testified:

```
18   Q    So you admit that you purchased the house at
19   385 Cedar Avenue in Cocoa Beach, Florida?  You admitted
20   that earlier, right?
21   A    I did not use my name to purchase the house, but I
22   used the money that's mine to purchase the house, so --
```

Transcript of Alison Gu Testimony (hereafter "Tr."), at 92 (filed herewith as Exhibit A).   Similarly, she admitted she and/or her boyfriend/partner Matthew Abel acquired the properties in Yarmouth, Massachusetts, East Dorset, Vermont, and Austin, Texas.   Tr. 49, 50, 72-73.

Based upon the defendant's sworn admission that she and/or her co-defendant Abel purchased the subject properties, with her own money, the jury could reasonably conclude that Gu was behind the loan applications leading to those

purchases that contained numerous false statements.    (Gu's motion does not challenge the sufficiency of the evidence relating to the false statements in the loan applications.)

The jury's conclusions in this regard were also supported by substantial additional evidence. First, the driver's license of Ai Chen, Exhibit 21C, which Gu admitted bore Gu's photograph (Tr. 90), was submitted to the lenders as part of the loan applications for both the Cocoa Beach and East Dorset properties.    The closing agent for the Cocoa Beach property, Gail Gilbert, testified that she checked the image on that driver's license against the person appearing to sign the closing paperwork.

Second, that license was obtained by the use of forged documents purporting to be from the Montgomery County Alabama Probate Court. *See* Exhibit 21 (New Hampshire DMV application materials, including forged Probate Court document). The paraphernalia used to fabricate those forgeries were discovered in Gu's Cheshire, Connecticut kitchen.   See Exhibits 102(h) (ink stamps), 102(i) (probate court seal), 102(n) (judge's name stamp), 102(m) (stamp with same date and time as that found on forgery).

Third, contrary to Gu's assertion that there was no evidence connecting her to the alyramps@gmail.com email account (Mot. at 3), Gu admitted that she used the

email address rampsfive@gmail.com. Gu Tr. at 74, 82. Indeed, Matt Abel's sister who considered Gu to be family, admitted that she communicated with Gu through that email address.   The jury saw an email sent by that email address to the realtor associated with the East Dorset residence (which Gu admitted she shopped for) instructing the realtor to use the alyramps@gmail.com address for additional communications about that property.   Gu Tr. at 108-09, Exhibit 72 (Bates 003502). Furthermore, the alyramps@gmail.com address was used to communicate with Craig Thibeau at Northeast Financial, including sending Thibeau a copy of the Ai Chen social security card.   That card was also used to obtain the New Hampshire Driver's license that bore Gu's photograph. Furthermore, alyramps@gmail.com was the email that ordered the fake Ally Koo Johnson State I.D. card, that was found in Gu's bathroom.   Exhibit 90(d).   That it was Gu who was communicating with Northeast Financial was further confirmed by the fact that the Power of Attorney that was present within the Northeast loan file (Exhibit 31, Bates 000424-25), and purported to have been notarized by Luz Simmons.   The Luz Simmons notary stamp, Exhibit 102(x), was also found in Gu's kitchen, Tr. 83-84.

Furthermore, the Bennington Bank loan application used to purchase the East Dorset property (the foreclosure action for which Gu appeared as defendant, *see* Exhibit 324(a) (Bates 008710)), confirmed that the Chen whose name appeared on

the application for the loan to acquire the East Dorset property (who used the New Hampshire Driver's License bearing Gu's photograph) was also the same Chen who was obligated to pay the mortgage for the Emigrant loan secured by a mortgage on Gu's Cheshire, Connecticut property.   Exhibit 71 (Bates 007824).

There was clearly sufficient evidence for the jury to conclude that Gu participated in the scheme to defraud financial institutions described in the indictment.

Gu also claims there was insufficient evidence to support a finding that she had an intent to defraud the banks.   She contends, in particular, that because there was no evidence suggesting the banks lost money, there was insufficient evidence to support a finding that she intended to defraud the banks.   The law is settled, however, that actual loss is not an element of the crime.   *United States v. Barrett,* 178 F.3d 643, 648 (2d Cir. 1999).   That Gu intended to defraud the banks was clearly established by the numerous false statements in all of the loan applications. Most notorious of them was the use of the fake name Chen.   Numerous witnesses explained that banks would not extend credit to a person whose identity they did not know.   Furthermore, Gu's recent bankruptcy (Tr. 64), made clear that she presented a credit risk that the banks were not aware of.   In other words, the record was replete with data from which the jury properly concluded Gu intended to obtain property

(loan proceeds) from the banks based on material lies.   That is the epitome of fraud, and the jury was amply justified in concluding Gu intended to defraud the banks.

### The Evidence Was Overwhelming that Gu Submitted a False Passport Application In the Hope She Would Receive a United States Passport.

Gu makes two arguments in favor of her motion for judgment of acquittal relating to Count Two – making a false statement in a passport application.   First, she argues that because she eventually withdrew the application that bore false information, she did not commit the crime of making a false statement on a passport application.   Mot. at 6-7.   She concedes, however, that "the application was initially submitted," Mot. at 7, and that with respect to the application at issue in this case, a person "presented an application for a U.S. passport and supporting documentation consisting of a New Hampshire driver's license, a social security card, and a student id, all in the name of 'Ally Koo.'"   Mot. at 5.   These concessions doom Gu's argument.

First, the statute criminalizes making a false statement "with intent to induce or secure the issuance of a passport under the authority of the United States."   The plain language of the statute makes clear that the crime is committed when the false statement is made in circumstances manifesting that intent.   The jury was clearly reasonable to conclude that Gu's purpose in going to the St. Albans passport office was in order to secure a United States passport.

11

Gu's suggestion that the crime was not committed because she eventually walked out of the passport office without submitting an "application," Mot. at 6, is therefore wrong.   The original application that Gu passed to the passport officer was in evidence as Exhibit 15.   The jury learned that this document was provided to the passport officer, and while the application was being processed, the officer requested Gu complete a supplemental form (Exhibit 17).   The jury observed video of Gu submitting the application.   The jury was completely justified in concluding the false statements contained on Exhibit 15 were made with intent to induce or secure the issuance of a passport.   Gu's argument to the contrary should be rejected.

Neither case Gu cites to support her argument offers support.   In *Vana v. Attorney General*, 341 Fed. Appx. 836 (3d Cir. 2009), the issue was whether a false passport application constituted a false claim of citizenship that would render an alien inadmissible.   The Court explicitly did not decide whether a "timely retraction of a false statement of United States citizenship" would warrant disturbing the decision of the Board of Immigration Appeals.   *Id.* at 839.   In *United States v. Luke,* 628 F.3d 114 (4th Cir. 2010), the Court upheld a conviction for aggravated identity theft based on evidence that included an abandoned passport application. Neither case is apposite to Gu's prosecution in which she presented an application for a United States passport to a passport officer, at a passport office, based on her

pretending to be Ally Koo, and using the Social Security Number and date of birth of Thi Tran.

Gu's second argument relating to the passport application is that "the evidence was insufficient to establish that it was Alison Gu who presented the material at the passport office." Mot. at 7. This is plainly incorrect. The passport application included the submission of a driver's license for Ally Koo, a student I.D. for Ally Koo, and a Social Security card for Ally Koo. Exhibit 16. Each of these documents were found in the defendant's bathroom in Cheshire, Connecticut. Exhibits 101(i), (j), & (k). Gu's photograph was on the New Hampshire driver's license. The same email address used to communicate with the realtor leading to Gu's purchase of the East Dorset, Vermont property (alyramps@gmail.com), was used to acquire the Ally Koo student I.D. card. Exhibit 90(d). And the materials used to obtain both the driver's license and Social Security card (the forged order of the Montgomery County Probate Court) were found in Gu's kitchen. In addition, the phone number submitted on the passport application (203) 564-6487 (Exhibit 15) was the same phone number that appeared on loan applications and loan files relating to the defendant's admitted purchase of properties located around the country. *See* Exhibit 32 (Emigrant Bank, 7 Edith Place refinance, Bates 002167); Exhibit 61 (First National Bank of America, Cocoa Beach purchase, Bates 3017);

Exhibit 71 (Bank of Bennington, East Dorset Purchase Customer Contact Information, Bates 005716).

Finally, Gu provided a photograph of herself (Exhibit 15A), and was seen on video interacting with the passport officer.   The jury's conclusion that she was the person submitting the false passport application was clearly well-supported by the evidence.

### Count Three – Aggravated Identity Theft

Gu makes no argument attacking the jury's guilty verdict relating to count III (aggravated identity theft) independent of her attack on Count II.   Because, as shown above, those arguments should be rejected, there is no reason to disturb the jury's verdict relating to Count III.

### C. Conclusion.

For the reasons explained above, the Court should deny the motion.

Respectfully submitted, this 8th day of January, 2018.

UNITED STATES OF AMERICA

CHRISTINA NOLAN
United States Attorney

By:  /s/ *Michael P. Drescher*
Michael P. Drescher
Assistant U.S. Attorney

P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Michael.Drescher@usdoj.gov

Certificate of Service


By filing the above document this day via the Court's electronic filing system, I certify a copy will be served on Paul Volk, local Counsel for Defendant.

January 8, 2018

By:  /s/ *Michael P. Drescher*
Michael P. Drescher
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Michael.Drescher@usdoj.gov
