UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | DOCKET NO. 2:16-CR-84-1 |
| | ) | |
| v. | ) | |
| | ) | |
| **ALISON GU,** | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MOTION TO PERMIT DEFENDANT TO APPEAR AT THE JUNE 15, 2022, HEARING BY VIDEO

### DEFENDANT'S MOTION TO TRANSFER SUPERVISION TO THE DISTRICT OF CONNECTICUT

### DEFENDANT'S MOTION TO POSTPONE DISPOSITION/SENTENCING

### MITIGATION/SENTENCING FACTORS

NOW COMES Defendant, Alison Gu, by and through her attorney, Mark D. Oettinger, and hereby respectfully:

1. Moves the Court to permit Defendant to appear at the June 15, 2022, hearing by video;
2. Moves the Court to transfer supervision of Defendant to Connecticut;
3. Moves the Court to postpone disposition/sentencing; and
4. Submits the following mitigation/sentencing factors,

all in relation to the Court's consideration of Defendant's violation of supervised release.

### DEFENDANT'S MOTION TO PERMIT DEFENDANT TO APPEAR AT THE JUNE 15, 2022, HEARING BY VIDEO

As the Court is aware, Defendant's financial circumstances are dire. She does not have a driver's license, and she relies for transportation on her children or other parties. In addition, the cost of gas is currently prohibitive. The thrust of these three motions is that a final disposition of Defendant's violation of supervised release should not occur on June 15, 2022, and as such, it is

hoped that Defendant's proposed remote appearance will not adversely impact the needs of the case. As the Court knows, Defendant is the sole parent of three young adults, all of whom are highly dependent upon her, especially Philip, who suffers from significant disabilities.

## DEFENDANT'S MOTION TO TRANSFER SUPERVISION TO THE DISTRICT OF CONNECTICUT

The Court has the authority to transfer supervised release under 18 U.S.C. 3605, "with the concurrence of [the receiving] Court." See extensive case law cited thereunder. Most notably, the State of Connecticut prosecution for the offense conduct which gives arise to the supervised release violation, is still in its early stages. The offense conduct occurred on July 17, 2021, and prosecution was only commenced on January 6, 2022. All of the parties to the offense conduct are located in Connecticut, as are the witnesses, and the United States Probation Officer who has been exercising "courtesy supervision" of Defendant to date.

Defendant respectfully submits that the Court does not yet have all of the information that it needs in order to fashion an appropriate disposition in the violation of supervised release case. Since punishment for both the instant violation and the separate Connecticut prosecution must each take the other into consideration (e.g., consecutive or concurrent sentences), both a transfer of supervision, and/or a postponement of final disposition, are indicated.

Defense counsel also submits that the Court would benefit from a psychological evaluation of Defendant, in order to better understand the motivations, and the degree of intentionality, of Defendant in committing the violation which has been found by the Court to have occurred. Why did she violate? Why did she commit the original crime? And how can that cause and effect relationship…once understood…be interrupted? Defendant has been recommended to Madelon Baranoski, PhD, a professor of psychiatry at Yale University School of Medicine. Input from her would be helpful to the Court, whether disposition is handled in Vermont or Connecticut, and the proximity of Defendant to Dr. Baranoski would facilitate the process.

The underlying case has an extensive history. It has a 2016 docket number. There was a multi-day trial. Present defense counsel is the 5th lawyer assigned to the case. The violation

conduct, on the other hand, is relatively new. It occurred on July 17, 2021, and the Connecticut charges, which are still in their early stages, were only initiated on January 6, 2022.

For these reasons, we respectfully request that Defendant's supervision be transferred to the District of Connecticut.

### DEFENDANT'S MOTION TO POSTONE DISPOSITION/SENTENCING

If the Court does not feel that supervision should be transferred to the District of Connecticut, Defendant submits that a postponement of the disposition/sentencing in her case is warranted, for the same reasons advanced in connection with her request for transfer of supervision.

### MITIGATION/SENTENCING FACTORS

If the Court chooses to deny both the motion to transfer supervision, and the motion for postponement of sentencing/disposition, we submit the following arguments in mitigation, which will be further developed at oral argument. Defendant refers the Court to Natasha Sen's Sentencing Memorandum (Document 267), which is a wonderful expose regarding the Defendant's upbringing, her arrival in the United States, her marriage to Mr. Lin, and other details of her complex history that bear on the Court's disposition of her violation.

In the briefest of detail, Defendant grew up in China with a severely mentally ill mother who was also a chronic alcoholic. Her father left the relationship to emigrate to the United States, and for a period of approximately two years, Defendant was subjected to extremely traumatic conditions while left in the custody of her mother. Eventually, her father returned for the purpose of divorcing Defendant's mother, and to move Defendant with him to Brooklyn, New York. There, she excelled academically, but continued to struggle with isolation and depression, eventually developing a serious alcohol addiction of her own.

Defendant then married Mr. Lin, with whom she had three children. Mr. Lin was abusive, and eventually left the relationship, and has not been heard from since…for many years. Defendant's three children, who are young adults, bear their own scars from their upbringing, and are highly dependent upon their mother. This is particularly true of Defendant's son, Philip, who suffers from a combination of cognitive and behavioral disabilities.

Defendant has a long history of employment in the family restaurant businesses. She has paid restitution and took full advantage of all training and educational opportunities that were offered to her while incarcerated.

Pursuant to Local Rule 7(a)(7), defense counsel has spoken with AUSA Drescher, who opposes these motions. Defense counsel has also spoken with prior defense counsel Mary Nerino, and with investigators AJ Ruben and Susan Randall, who assisted Lisa Shelkrot when she was defense counsel. Defense counsel has also spoken with Toni Esposito, Defendant's Connecticut defense lawyer on the Connecticut prosecution for the underlying check charge (larceny in the 3rd degree), who reports that new charges were just filed this week, arising out of an altercation between Defendant and her son Philip, Ms. Esposito predicts that the altercation charge will be diverted to Family Court, and it is worth noting that Philip faced extremely serious assault charges in 2020 in Vermont, and that press reports at the time describe his "growing stack of criminal charges." Finally, defense counsel has also spoken with USPO Doug Cowher, and with Defendant's Connecticut-based US Probation Officer, Jessica Dickson, who has been doing the actual courtesy supervision of Defendant. Defense counsel represents to the Court that all of these secondary, but critical, stakeholders appear to be open-minded regarding the Court's approach to the case going forward.

DATED at Burlington, Vermont, this 14th day of June, 2022

_____
Mark D. Oettinger, Esq.
Attorney for Alison Gu
Montroll, Oettinger & Barquist, P.C.
126 College Street, Suite 400, P.O. Box 1045
Burlington, VT 05402
(802) 540-0250
moettinger@mblawoffice.com